UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

ARNOLD R. PETRALIA,

             Plaintiff,

     v.

STATE OF NEW YORK, NEW YORK
DEPARTMENT OF LABOR, REBECCA
NATHANSON, *Director DOL Retaliation
Unit*, DANAYSIS RODRIGUEZ, *Senior
Labor Standards Investigator of DOL*, and
THE NEW YORK STATE ATTORNEY
GENERAL,

             Defendants.

———————————————————————

**DECISION AND ORDER**

6:20-CV-06393 EAW

## <u>INTRODUCTION</u>

Plaintiff Arnold R. Petralia, an attorney licensed to practice in the State of New York, asserts claims under 42 U.S.C. § 1983 related to a retaliation investigation commenced by the New York State Department of Labor (the "NYDOL") in October 2019. (Dkt. 7).  Defendants the State of New York (the "State"), the NYDOL, Rebecca Nathanson ("Nathanson"), Danaysis Rodriguez, and the New York State Attorney General (the "NYSAG") (collectively "Defendants") have moved to dismiss the amended complaint, which is the operative pleading in this matter, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).  (Dkt. 10).  For the reasons set forth below, Defendants' motion is granted.

## BACKGROUND

### I.   Factual Background

The following facts are taken from the amended complaint and, as required at this stage of the proceedings, are assumed to be true.  The Court further takes judicial notice of the records of Plaintiff's related state court proceedings, but only to the extent of establishing the fact of the litigation and the related filings, including the procedural posture of the litigation and the various state court rulings.  *See Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 313 n.7 (S.D.N.Y. 2015) ("The Court may take judicial notice of pleadings filed in other cases in deciding a motion to dismiss without converting that motion into a motion for summary judgment."); *see also Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (citation omitted)).

In July of 2018, the NYDOL began an investigation into Plaintiff's client, the LaFiesta Brava Mexican Restaurant in Waterloo, New York (the "Restaurant").  (Dkt. 7 at 2-3).  The NYDOL charged the Restaurant with retaliation for having allegedly fired two aliens for complaining about their pay.  (*Id*. at 3).  The employees at issue had been hired after presenting false Social Security numbers.  (*Id*.).  Following an investigation that was "totally devoid of due process," the NYDOL fined the Restaurant $30,000.  (*Id*.).

On May 17, 2019, Plaintiff sent a letter to United States Immigration and Customs Enforcement ("ICE") in order to "investigate immigration status and . . . invoke federal

law." (*Id*. at 5).  After Plaintiff sent his letter to ICE, the NYDOL commenced an investigation of Plaintiff for retaliation.  (*Id*.).

Plaintiff filed a petition against Defendants in New York State Supreme Court, Monroe County, seeking to restrain the investigation against him.  (*Id*.).  He did not seek damages.  (*Id*.).

On January 31, 2020, New York State Supreme Court Justice James J. Piampiano entered a Decision and Order dismissing Plaintiff's petition.  (Dkt. 10-2 at 11-13).  Justice Piampiano found that (1) Plaintiff had failed to exhaust his administrative remedies and (2) Plaintiff had "failed to state a valid preemption claim."  (*Id*. at 13).

Plaintiff appealed Justice Piampiano's Decision and Order to the New York State Supreme Court, Appellate Division, Fourth Department (the "Fourth Department").  (Dkt. 21-1 at 1-4).  The Fourth Department subsequently entered a Memorandum and Order affirming the dismissal of Plaintiff's petition.  (*Id*.).  The Fourth Department found that Justice Piampiano had erred in finding that Plaintiff was required to exhaust administrative remedies, but "affirm[ed] the judgment on the ground that [Plaintiff] failed to state a cognizable preemption claim in his petition."  (*Id*. at 3).  Plaintiff filed a motion to reargue with the Fourth Department.  (Dkt. 23).  The record before the Court does not reflect the disposition of that motion.

## II.   **Procedural Background**

Plaintiff commenced the instant action on June 12, 2020.  (Dkt. 1).  The amended complaint was filed on September 30, 2020.  (Dkt. 7).  Defendants filed the instant motion

to dismiss on November 30, 2020. (Dkt. 10). Plaintiff filed his response on December 18, 2020. (Dkt. 14). Defendants filed their reply on January 8, 2021. (Dkt. 15).

With leave of the Court (Dkt. 17), Plaintiff filed a sur-reply on January 21, 2021. (Dkt. 18; Dkt. 19). Defendants then filed a supplemental declaration on February 15, 2021 (Dkt. 21), and Plaintiff filed a supplemental affidavit on February 23, 2021 (Dkt. 22).[1] The parties also filed various letters to the Court. (Dkt. 20; Dkt. 23).

## DISCUSSION

### I.   Subject Matter Jurisdiction

As noted above, Defendants seek dismissal of this action under both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. "Subject matter jurisdiction is a threshold question that must be resolved before proceeding to the merits." *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (quotation and alteration omitted). Accordingly, the Court considers the Rule 12(b)(1) challenge first.

### A.   Legal Standard

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it. . . ." *Cortlandt St. Recovery Corp. v. Hellas Telecomms, S.á.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quotation and citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it

---

[1]   Despite the parties' failure to seek leave of the Court prior to filing these supplemental submissions, the Court has considered all the parties' arguments in resolving the instant motion.

exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); *see also Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) ("In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction.").

**B.**     <u>**The Court Lacks Subject Matter Jurisdiction Over the Claims Against the State of New York, its Agencies, and the Individual Defendants in their Official Capacities**</u>

The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *see also Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) ("Although the [Eleventh] Amendment, by its terms, bars only federal suits against state governments by citizens of another state or foreign country, it has been interpreted also to bar federal suits against state governments by a state's own citizens[.]"). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991).

Here, Plaintiff asserts his claims pursuant to 42 U.S.C. § 1983. However, § 1983 provides a cause of action only against a "<u>person</u> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects,

or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws," *id*. (emphasis added), and the Supreme Court has held that "a State is not a 'person' within the meaning of § 1983," *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989). *See also Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) ("It is well-established that New York has not consented to § 1983 suits in federal court, and that § 1983 was not intended to override a state's sovereign immunity." (citations omitted)).  This long-established precedent compels the conclusion that this Court lacks subject matter jurisdiction over Plaintiff's claims against the State, the NYDOL, the NYSAG, and the individual defendants in their official capacities. Defendants' motion to dismiss is accordingly granted with respect to such claims.  The dismissal is without prejudice. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

C.      **Sovereign Immunity Does Not Bar Plaintiff's Claims Against the Individual Defendants in their Individual Capacities**

Defendants argue that Plaintiff's entire amended complaint is barred by sovereign immunity, contending that the individual defendants (Nathanson and Rodriguez) are sued only in their official capacities.  (*See* Dkt. 15 at 3 ("[T]he present Amended Complaint (Docket # 7) identifies the two individual defendants by their official DOL titles, refers solely to actions taken on DOL's behalf, and does not allege that they are sued in their individual capacities.")).  However, Plaintiff contends that Nathanson and Rodriguez are

sued in their individual capacities. (*See* Dkt. 18-1 at 2). Plaintiff's original complaint expressly indicated that Nathanson and Rodriguez were sued in their individual capacities (Dkt. 1 at 3), while the amended complaint is silent on the matter (Dkt. 7 at 1-2).

"It is well established that 'where doubt may exist as to whether an official is sued personally, in his official capacity or in both capacities, the course of proceedings ordinarily resolves the nature of the liability sought to be imposed.'" *Rodriguez v. City of Rochester*, 624 F. App'x 16, 18 (2d Cir. 2015) (alterations omitted and quoting *Rodriguez v. Phillips*, 66 F.3d 470, 482 (2d Cir. 1995)). The ultimate question is "whether the defendants were provided with sufficient notice of potential exposure to personal liability." *Yorktown Med. Lab'y, Inc. v. Perales*, 948 F.2d 84, 89 (2d Cir. 1991).

On the record before it, the Court cannot conclude that Nathanson and Rodriguez were sued only in their official capacities. Plaintiff explicitly stated in his original complaint that he was suing the individual defendants in their individual capacities. Further, he sued the State and the NYDOL in addition to these individual defendants, "which would have been duplicative had [he] intended to bring only official-capacity claims." *Rodriguez*, 624 F. App'x at 18. He also seeks punitive damages (*see* Dkt. 7 at 6), "which are available only in an individual-capacity suit[.]" *Id*. Under these circumstances, Nathanson and Rodriguez were on sufficient notice that they could potentially be held personally liable. Accordingly, the Court will consider the merits of Plaintiff's claims against the individual defendants in their individual capacities, over which it unquestionably has subject matter jurisdiction.

II.   **Failure to State a Viable Claim**

A.   **Legal Standard**

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In this case, Defendants argue that issue preclusion bars Plaintiff's current claims. "On a motion to dismiss under Rule 12(b)(6), judicial notice may be taken of other judicial documents that might provide the basis for issue preclusion." *Can v. Goodrich Pump & Engine Control Sys., Inc*., 711 F. Supp. 2d 241, 246 (D. Conn. 2010). "Dismissal under [Rule] 12(b)(6) is appropriate when a defendant raises claim preclusion . . . as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000). "[T]he party asserting

preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment[.]" *BBS Norwalk One, Inc. v. Raccolta, Inc.*, 117 F.3d 674, 677 (2d Cir. 1997) (quotation omitted).

### B.   <u>Plaintiff's Claims are Barred by Issue Preclusion</u>

The doctrine of issue preclusion provides that "the determination of a question directly involved in one action is conclusive as to that question in a second suit." *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015) (citation omitted).  As the Supreme Court has explained, "[t]he idea is straightforward: Once a court has decided an issue, it is forever settled as between the parties[.]" *Id.* (quotation omitted).  In order for issue preclusion to apply, it must be the case that "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and alteration omitted).

Here, Plaintiff's claims are premised on his assertion that New York had no power to investigate him for retaliation, because federal law provides that "immigrants have no employment rights if they are undocumented," and this federal law preempts any New York law to the contrary.  (Dkt. 7 at 4-5)[2].  The precise issue of preemption was already

---

[2]      Plaintiff also asserts in conclusory fashion that he has been improperly subjected to an *ex post facto* law because the New York Labor Law was amended after he contacted ICE to expressly prohibit retaliation by reporting or threatening to report an employee's suspected immigration status.  (*See* Dkt. 7 at 5).  However, as Defendants correctly point out (*see* Dkt. 10-1 at 17-18), the amendment of which Plaintiff complains was intended solely to "codify federal case law interpreting the anti-retaliation provisions of New York's

decided against Plaintiff in his state lawsuit, and the determination was clearly necessary to the resolution of his claims, inasmuch as it was the sole basis for the Fourth Department's affirmation.  Plaintiff also had a full and fair opportunity to litigate the matter, including by seeking appeal of Justice Piampiano's decision.

Plaintiff argues that "any decision that was erroneous does not invoke issue preclusion" and that "a ruling that is unconstitutional is not valid." (Dkt. 18-1 at 3-4).  He further argues that there has not been a final judgment "until the New York appellate process is finished."  (*Id*. at 4).  These arguments lack merit.  "[I]ssue preclusion prevents relitigation of wrong decisions just as much as right ones."  *B&B Hardware*, 575 U.S. at 138 (citation and alteration omitted).  Further, "[t]he fact that an appeal of the . . . [prior] decision is pending does not prevent the doctrine of collateral estoppel from being applied." *In re Sept. 11 Litig*., No. 10 CIV. 1642, 2013 WL 5979670, at *2 (S.D.N.Y. Sept. 18, 2013), *aff'd sub nom. World Trade Ctr. Properties LLC v. QBE Int'l Ins. Ltd*., 627 F. App'x 10 (2d Cir. 2015); *see also U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Loc. Union No. 3, AFL-CIO*, No. 07 CIV. 127 (MGC), 2008 WL 4090143, at *5 (S.D.N.Y. Sept. 2, 2008)

---

Labor Law and the federal Fair Labor Standards Act (FLSA) as prohibiting threats to contact immigration authorities about an employee or an employee's family member." *Committee Report*, 2019 N.Y. S.B. No. 5791, N.Y. Two Hundred Forty-Second Legislative Session (May 20, 2019).  The federal *Ex Post Facto* Clause prohibits only "legislative action that retroactively punishes as a crime an act previously committed, which was innocent when done, makes more burdensome the punishment for a crime, after its commission, or deprives one charged with crime of any defense available according to law at the time when the act was committed," *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001) (citation and internal quotation marks omitted), and simply does not apply here.

("Even when an appeal is pending, the final judgment being appealed has preclusive effect.").

Plaintiff chose to bring his claims initially in a state forum.  He acknowledges that he commenced this action because he believes the state courts got the matter wrong.  (*See* Dkt. 22 at 4 ("The Appellate Division decision is wrong and I will be appealing.  Its decision is exactly why I turned to this federal court where my chances are that federal law will be applied.  The Appellate Division decision can only be explained in its ignoring federal law.")).  This is precisely the kind of second bite at the apple that issue preclusion is meant to prohibit.  Plaintiff's claims against the individual defendants in their individual capacities must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 10) is granted.  Plaintiff's claims against the State, the NYDOL, the NYSAG, and the individual defendants in their official capacities are dismissed without prejudice for lack of subject matter jurisdiction.  His claims against the individual defendants in their individual capacities are dismissed with prejudice for failure to state a viable claim.  The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      September 3, 2021
            Rochester, New York